**GENERAL ELECTRIC COMPANY–MEDICAL SYSTEMS GROUP, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–1263.

United States Court of Appeals, Federal Circuit.

July 18, 2001.

Patrick C. Reed, Wasserman, Schneider, Babb & Reed, of New York, NY, for plaintiff-appellant.

Amy M. Rubin, Trial Attorney, Commercial Litigation Branch, Civil Division, International Trade Field Office, Department of Justice, of New York, NY, for defendant-appellee. With her on the brief were David M. Cohen, Director, Commercial Litigation Branch, Civil Division, of Washington, DC; and Joseph I. Liebman, Attorney In Charge, International Trade Field Office. Of counsel on the brief was Beth C. Brotman, Attorney, Office of Assistant Chief Counsel, United States Customs Service, International Trade Litigation, of New York, NY.

Before MAYER, Chief Judge, MICHEL and GAJARSA, Circuit Judges.

## ORDER

MAYER, Chief Judge.

General Electric Company–Medical Systems Group (GE) petitions for panel rehearing of one point of law in the court's April 19, 2001 decision. The court invited the United States to respond, and it does not object to the relief sought by GE. The petition for rehearing filed by GE is granted for the limited purpose of amending the opinion.

GE argues that the proper tariff classification of the imported multiformat camera (MFC) designed for use with magnetic resonance imaging (MRI) systems is an electro-diagnostic apparatus in subheading 9018.19.80, Harmonized Tariff Schedule of the United States (HTSUS) rather than in subheading 9018.90.80. The United States agrees that subheading 9018.19.80 is the most appropriate provision for MFCs used with MRI systems.

Accordingly, the following sentence from page 8–9 of the April 19, 2001 opinion is deleted: "Therefore, the remaining MFC dedicated for use in MRI systems is properly classified under subheading 9018.90.80 as '[o]ther instruments and appliances and parts and accessories thereof: other: other.'" That sentence is replaced with: "Therefore, the remaining MFC dedicated for use in MRI systems is properly classified under subheading 9018.19.80 as '... Electro-diagnostic apparatus ...; [and] parts and accessories thereof: ... other: ... other.'"

Furthermore, in light of the recent Supreme Court decision in *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), the first paragraph of the *Discussion* section is deleted and the following paragraph is substituted:

We review a grant of summary judgment by the Court of International Trade *de novo*. *Mitsubishi Int'l Corp. v. United States*, 182 F.3d 884, 886 (Fed.Cir.1999). Furthermore, where Customs has not issued a regulation, but merely a classification ruling implicitly interpreting an HTSUS provision, we accord the classification deference in accordance with *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 2168, 150 L.Ed.2d 292 (2001). However, despite Customs' relative expertise, for the reasons stated below, we find its position unpersuasive. Where the parties do not dispute material facts regarding the imported goods, review collapses into a determination of the proper meaning and scope of the HTSUS terms. *See SGI, Inc. v. United States*, 122 F.3d 1468, 1471 (Fed. Cir.1997). The meaning of a tariff term, a matter of statutory interpretation, is a question of law. *See Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1366 (Fed. Cir.1998). When there is no genuine dispute over the nature of the merchandise, the classification of the merchandise is a question of law. *Id.*

IT IS ORDERED THAT: The petition for panel rehearing is granted to the limit-

ed extent of amending the opinion as discussed above.